IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| IBRAHEEM YAZEED, | * | |
| Plaintiff, | * | |
| v. | * | 2:11-CV-458-TMH (WO) |
| ELLEN BROOKS, *et al.*, | * | |
| Defendants. | * | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Montgomery County Detention Facility in Montgomery, Alabama, challenges his imprisonment on first degree robbery and kidnapping charges. Plaintiff names as defendants Montgomery County District Attorney Ellen Brooks, the City of Montgomery Police Department, and Sheriff D.T. Marshall. Plaintiff seeks to "vacate []his illegal arrest and wrongful imprisonment. (*Doc. No. 1*.)

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. District Attorney Ellen Brooks*

To the extent Plaintiff seeks to challenge Defendant Brooks' conduct in initiating criminal charges against him, he is entitled to no relief. "A prosecutor is entitled to absolute immunity for all actions [s]he takes while performing h[er] function as an advocate for the government." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976), and all appearances before the court, including examining witnesses and presenting evidence. *See Burns v. Reed*, 500 U.S. 478, 492 (1991); *Rowe v. Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002); *see also Mastroianni v. Bowers*, 60 F.3d 671, 676 (11th Cir. 1998). This immunity is applicable even where the prosecutor acts "maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238 (7th Cir. 1986); *accord*, *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978).

> [A]bsolute immunity is an entitlement to be free from suit for money damages.... [T]he purpose of the immunity is to shield officials from the distractions of litigation arising from the performance of their official functions. To fulfill its purpose, official immunity protects government officials not only from having to stand trial, but also from having to bear the other burdens attendant to litigation, including pretrial discovery.... In *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), the Supreme Court held that a prosecutor is absolutely immune from civil suit for damages under section 1983 for actions taken "in initiating a prosecution and in presenting the State's case." *Id.* at 431, 96 S.Ct. at 995.

*Marx v. Gumbinner*, 855 F.2d. 783, 788-89 (11th Cir. 1988).

The actions about which Plaintiff complains with respect to Defendant Brooks' role "as an 'advocate' for the state" are "intimately associated with the judicial phase of the criminal process." *Mastroianni*, 60 F.3d at 676. (citations omitted). Defendant Brooks is, therefore, "entitled to absolute immunity for that conduct." *Id*. Moreover, Plaintiff is entitled to no declaratory or injunctive relief in this § 1983 complaint for any adverse action taken during the state court proceedings related to his pending criminal charges before the Circuit Court for Montgomery County. *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988); *Newman v. Alabama*, 683 F.2d 1312 (11th Cir. 1982). Thus, Plaintiff's complaint against Defendant Brooks is due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

B.  *The City of Montgomery Police Department*

The City of Montgomery Police Department is not a legal entity subject to suit or liability under § 1983. *Cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims for relief lodged against this Defendant are subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

C.  *Defendant D.T. Marshall*

Plaintiff names Sheriff Marshall as a defendant. No specific allegations, however, are made against this individual. Consequently, there is no basis on which the complaint may proceed against him. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) *(per curiam)*

(court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Further, the complaint may not proceed against Defendant Marshall based on his supervisory position. The doctrine of *respondeat superior* is not applicable to actions filed under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir. 1990). Accordingly, Defendant Marshall is due to be dismissed as a party to the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

*D. The Pending Charges*

Plaintiff complains that he is wrongfully imprisoned on criminal charges pending before the Circuit Court for Montgomery County, Alabama, because he is innocent of the charges lodged against him and/or there was insufficient evidence to arrest and imprison him on the pending charges. Plaintiff's wrongful imprisonment claim may not proceed in this § 1983 action. If the matters about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are currently pending before the state courts. They are, therefore, not currently appropriate for consideration by this court.

Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not


(court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption). Further, the complaint may not proceed against Defendant Marshall based on his supervisory position. The doctrine of *respondeat superior* is not applicable to actions filed under 42 U.S.C. § 1983. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat superior* or vicarious liability); *Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir. 1990). Accordingly, Defendant Marshall is due to be dismissed as a party to the complaint. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

*D. The Pending Charges*

Plaintiff complains that he is wrongfully imprisoned on criminal charges pending before the Circuit Court for Montgomery County, Alabama, because he is innocent of the charges lodged against him and/or there was insufficient evidence to arrest and imprison him on the pending charges. Plaintiff's wrongful imprisonment claim may not proceed in this § 1983 action. If the matters about which Plaintiff complains were found to violate his federal rights, it is clear that his claims concern criminal charges which are currently pending before the state courts. They are, therefore, not currently appropriate for consideration by this court.

Under the decision of the United States Supreme Court in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not

suffer irreparable injury if denied injunctive relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43. In this case, Plaintiff has an adequate remedy at law because he may pursue all of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Plaintiff can vindicate his constitutional rights in the on-going state court proceedings. Moreover, Plaintiff has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that he must endure state criminal prosecution fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must, therefore, abstain from considering the merits of Plaintiff's challenge to his confinement. *See also Uboh v. Reno,* 141 F.3d 1000, 1006 (11th Cir.1998) (a civil proceeding challenging the grounds on which the prosecution of the defendant had been commenced would indirectly implicate the question of the defendant's guilt; this "type of parallel inquiry by way of a civil suit prior to the resolution of a criminal action based on the same type of events is precisely the quandary that *Heck* [*v. Humphrey*, 512 U.S. 477 (1994)] prohibits.").

In light of the foregoing, dismissal of Plaintiff's false imprisonment claim is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii) as this claim is not cognizable in a 42 U.S.C. § 1983 action at this time.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Defendants Brooks, Marshall, and the Montgomery City Police Department be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i);

2. Plaintiff's wrongful imprisonment claim be DISMISSED without prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. This case be dismissed prior to service of process.

It is further

ORDERED that on or before **July 20, 2011** the parties may file any objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done, this 6th day of July 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE